**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**MELANIE LOPEZ, on behalf of herself and others**
**similarly situated,**                                                   **Case No.:**


                              **Plaintiff,**                                       **COMPLAINT**


               **v.**


**RCI HOSPITALITY HOLDINGS, INC.**
**48 WEST 33RD CORP. d/b/a HOOPS CABARET**
**AND SPORTS BAR,**
**RCI 33RD VENTURES, INC. d/b/a HOOPS CABARET**
**AND SPORTS BAR,**
**ERIC LANGAN, and KES SENEVI,**
**and/or any other entities affiliated with or controlled by**
**RCI HOSPITALITY HOLDINGS, INC.**
**48 WEST 33RD CORP. d/b/a HOOPS CABARET**
**AND SPORTS BAR, and**
**RCI 33RD VENTURES, INC. d/b/a HOOPS CABARET**
**AND SPORTS BAR,**


                              **Defendants.**
-------------------------------------------------------------------x

      Plaintiff, Melanie Lopez (hereinafter "Named Plaintiff"), on behalf of herself and other

similarly situated employees, by and through her undersigned attorneys, Milman Labuda Law

Group PLLC, files this Complaint against Defendants, RCI Hospitality Holdings, Inc., 48 West

33rd Corp. d/b/a Hoops Cabaret and Sports Bar, RCI 33rd Ventures, Inc. d/b/a Hoops Cabaret and

Sports Bar, Eric Langan and Kes Senevi and/or any other entities affiliated with or controlled by

RCI Hospitality Holdings, Inc., 48 West 33rd Corp. d/b/a Hoops Cabaret and Sports Bar, and RCI

33rd Ventures d/b/a Hoops Cabaret and Sports Bar, (collectively "Defendants") and states as

follows:

## INTRODUCTION

1.      This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, 206 and 216(b), *et seq*., New York Labor Law  § 190, *et seq.*, New York Labor Law § 650, *et seq.*, § 190, *et seq.*; 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.1 *et seq.*, and 12 NYCRR § 137-1.2 *et seq.*, to recover for unlawful deductions, kickback of wages, and retention of gratuities, recordkeeping violations, uniform expenses, unpaid minimum wages and improperly withheld wages owed to Named Plaintiff and all similarly situated persons who are presently or were formerly employed by Defendants.

2.      Defendants operate an adult entertainment and sports bar establishment under the name "Hoops Cabaret and Sports Bar," located at 48 W. 33rd Street, New York, New York 10001.

3.      Beginning in approximately September 2016 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of improperly classifying the Named Plaintiff and all others similarly situated entertainment employees as "independent contractors."

4.      Upon information and belief, at all relevant times, Defendants have failed to provide the statutory minimum hourly wage to the Named Plaintiff and all others similarly situated entertainment employees.

5.      Upon information and belief, at all relevant times, Defendants have engaged in a policy and practice of unlawfully demanding and accepting gratuities received by its entertainment employees, and improperly deducting "fees" and miscellaneous improper surcharges from its entertainment employees' wages.

2

6.     The Named Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, both those who opt-in to this action pursuant to the FLSA, and the members of the putative Rule 23 class, all compensation, including minimum wages and improper deductions from wages, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

7.     Former and current similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendant's records.

8.     Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b) and as a Rule 23 class action to the applicable provisions and regulations of the NYLL.

9.     As a result of Defendants violation of the FLSA and NYLL, Named Plaintiff and all others similarly situated seek minimum and overtime wages, liquidated damages, interest, and attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or NYLL for the period commencing in September 2016 through the filing of this Complaint.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. 1331, and has supplemental jurisdiction over Named Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because the conduct serving as the basis of this Complaint took place in this judicial district and because Defendants reside in this judicial district.

## PARTIES

12.     The Named Plaintiff is an adult resident of Bronx County, New York and was employed by Defendants as an entertainer from approximately December 10, 2016 until February 19, 2017.

13.     Upon information and belief, Defendant RCI Hospitality Holdings, Inc. ("RCI") is a foreign business corporation with its headquarters in Houston, Texas and is a parent company of Defendants 48 West 33rd Corp. ("48 West") and RCI 33rd Ventures, Inc. ("RCI 33rd").

14.     Upon information and belief, Defendant 48 West is a New York corporation which owns and operates the premises located at 48 W. 33rd Street, New York, New York 10001.

15.     Upon information and belief, 48 West is a wholly owned subsidiary of RCI.

16.     Upon information and belief, RCI 33rd is a New York Corporation, with its principal place of business at 48 W. 33rd Street, New York, New York 10001, and is engaged in the adult entertainment business under the business name of "Hoops Cabaret and Sports Bar."

17.     Upon information and belief, RCI 33rd is a wholly owned subsidiary of RCI.

18.     Upon information and belief, Eric Langan ("Langan") is the President and CEO of RCI Hospitality, and has held that position at all relevant times.

19.     Upon information and belief, Langan is an owner, corporate officer and/or agent of 48 West.

20.     Upon information and belief, Langan is an owner, corporate officer and/or agent of RCI 33rd.

21.     Langan exercised control over the terms and conditions of the Named Plaintiff and similarly situated employees.

4

22.     Upon information and belief, Senevi is an owner, corporate officer and/or agent of 48 West.

23.     Upon information and belief, Senevi is an owner, corporate officer and/or agent of RCI 33rd.

24.     Senevi exercised control over the terms and conditions of the Named Plaintiff and similarly situated employees.

25.     Both Langan and Senevi (collectively "Individual Defendants") exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Named Plaintiff and similarly situated employees. Each also exercised the power and authority to supervise and control supervisors of Named Plaintiff and similarly situated employees.

26.     At all relevant times, the corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA including producing goods for interstate commerce or handling, selling or working on goods or materials that have been moved in or produced for interstate commerce.

27.     Upon information and belief, Defendants annual gross volume sales made or business done is not less than $500,000.

28.     At all relevant times, the work performed by Named Plaintiff and similarly situated employees was directly essential to the business operated by Defendants.

29.     Named Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

30.     Upon information and belief, Defendants jointly own and operate Hoops Cabaret and Sports Bar in New York City, New York.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

32.     At all relevant times, Named Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper minimum wage and overtime premium at the rate of one and one-half times the regular rate for work in excess of forty (40) hours per workweek.

33.     The claims of the Named Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated their rights by failing to pay their minimum wages in the lawful amount for hours worked pursuant to 29 U.S.C. § 206.

34.     Defendants' violation of the FLSA 29 U.S.C. § 206 was willful.

35.     Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all members of the putative collective.

36.     Upon information and belief, at all times from September 2016 through the filing of the instant complaint, Defendants have not required entertainers to have any specialized training or experience or a high degree of skill. Defendants have, however: established specific work schedules for entertainers; required entertainers to dance at specified times and in a specified manner on stage and for customers; regulated entertainers' attire and interactions with customers; set the price entertainers were allowed to charge for dances; regulated dancers comings and goings to the club.

37.     Upon information and belief, at all times from September 2016 through the filing of the instant complaint, required entertainers to attend meetings at Defendants' business; financed all advertising and marketing efforts undertaken on behalf of Hoops Cabaret and Sports Bar; made capital investments in the facilities, maintenance, sound system, lights, food, beverage and inventory; and made all hiring decisions regarding waitstaff, security, entertainers, managerial and all other employees at Hoops Cabaret and Sports Bar.

38.     Defendants have established a variety of written guidelines and policies which govern entertainers conduct at Hoops Cabaret and Sports Bar.

39.     At all times from September 2016 through the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiff and all others similarly situated, to pay a specific percentage of their gratuities, often referred to as a "tip outs," to the disc jockeys, house mom, bussers, and hair & makeup employees in order to work on any given shift.

40.     At all times from September 2016 up though the filing of the instant complaint, Defendants have required entertainers, including Named Plaintiff and all others similarly situated, to pay a late fee if an entertainer arrived at the club late for their shift.

41.     The required tip out the Named Plaintiff has paid generally has been at least $100 per shift.

42.     Named Plaintiff and others similarly situated have been subject to a variety of these fees and fines.

43.     The fees described herein constitute unlawful "kickbacks" to the employer within the meaning of the Fair Labor Standards Act. Named Plaintiff and all others similarly situated

were also required to attend mandatory meetings at Defendants' place of business, but were not paid for their attendance at those meetings.

44.     Defendants have never paid Named Plaintiff and all others similarly situated any amount as wages whatsoever.

45.     Instead, the only source of work related income received by Named Plaintiff and all other similarly situated persons were gratuities they received from customers.

46.     Because Defendants did not pay Named Plaintiff and all other similarly situated any wages whatsoever, Defendants did not pay Named Plaintiff and all other similarly situated one-and-a-half times their regular rate of pay when Named Plaintiff and others similarly situated worked over forty hours in a given workweek.

47.     Defendants knew, or showed reckless disregard for the fact that they misclassified these individuals as independent contractors, and accordingly failed to pay these individuals the minimum wage and failed to pay overtime at the required rate under the FLSA.

48.     Named Plaintiff and all others similarly situated were not subject to any exemption under the FLSA.

49.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## CLASS ACTION

50.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

51.     This action is properly maintainable as a collective action pursuant to the FLSA and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure ("F.R.C.P.").

52.     Named Plaintiff brings claims for relief pursuant to F.R.C.P. 23, on behalf of all entertainers employed by Defendants.

53.     Named Plaintiff and other similarly situated are all victims of the Defendants' common policy and/or plan to fail to provide the statutory minimum hourly wage to employees for all hours worked in a given workweek in violation of the applicable state law and the FLSA.

54.     All said persons, including Named Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the position held and rates of pay for each Class member are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. 23.

55.     The proposed Class is so numerous that a joinder of all members in impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  The size of the putative class is believed to be in excess of 40 employees. In addition, the names of all potential members of the putative class are not known.

56.     Named Plaintiff's claims are typical of those claims that could be alleged by any member of the Class.  The relief sought by Named Plaintiff is also typical of the relief that would be sought by each member of the Class in separate actions.  All the Class members were subject

to the same practices of Defendants, as alleged herein, of (1) refusing to pay entertainment employees the statutory minimum wage; (2) unlawfully demanding and accepting gratuities received by its entertainment employees; (3) improperly deducting "fees" and miscellaneous improper surcharges from entertainment employees wages; (4) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law; and (5) failing to provide wage statements per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly. Named Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

57.     Named Plaintiff is able to fairly and adequately protect the interests of the Class and has no interest antagonistic to the Class. Named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

58.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendants.  Moreover, the issues in this action can be decided by means of common, class-wide proof.

59.     Employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Class actions provide class members who are not named a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing the risk of retaliation.

60.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether the Defendants properly classified the Named Plaintiff and the putative class members as independent contractors;

b.     Whether the Defendants failed to pay the statutory minimum wage;

c.     Whether the Defendants engaged in a policy and practice of unlawfully demanding and accepting gratuities received by its entertainment employees, improperly deducting "fees" and miscellaneous improper surcharges from its entertainment employees' wages in violation of New York Labor Law Article 6 § 193, 196(d), and 198-b;

d.     Whether Defendants failed to provide Named Plaintiff and the putative class with the proper wage and hour notice pursuant to the Wage Theft Prevention Act; and

e.     Whether Defendants failed to provide Named Plaintiff and the putative class with the proper wage statements pursuant to the Wage Theft Prevention Act.

## STATEMENT OF FACTS

61.     Upon information and belief, beginning in or about September 2016, Defendants employed numerous individuals as entertainers at Hoops Cabaret and Sports Bar.

11

62.     On or about December 10, 2016, Plaintiff, Melanie Lopez, was hired by Defendants to work as an entertainer at Hoops Cabaret and Sports Bar. Named Plaintiff was employed by Defendants until on or about February 19, 2017.

63.     Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Hoops Cabaret constitutes an "enterprise engaged in commerce."

64.     Upon information and belief, Defendants are or were the employers of Named Plaintiff and the members of the putative collective and class actions under the FLSA, 29 U.S.C. § 201, *et seq.*, and New York Labor Laws § 650, *et. seq.*, and §190, *et seq.*, and the supporting regulations, N.Y. Comp. Codes R. & Regs. Tit. 12 § 142-1.1, *et. seq.*

65.     Upon information and belief, Hoops Cabaret and Sports Bar is a highly integrated operation run by Defendants.

66.     Upon information and belief, while working for Defendants, Named Plaintiff and the members of the putative collective and class actions were regularly required to perform work for Defendants without receiving the statutory minimum wage.

67.     During Named Plaintiff's employment by Defendants, she generally worked four (4) days per week from Thursday through Sunday, working approximately twelve (12) to sixteen (16) hours per week.

68.     Defendants paid Named Plaintiff and others similarly situated, no wages for work they performed for Defendants.

69.     Named Plaintiff and others similarly situated earned money at Defendants' club through tips from the club's customers.

12

70.     Named Plaintiff and others similarly situated did not receive a regular hourly wage for work performed for Defendants. Defendants also did not pay Named Plaintiff or others similarly situated a salary or any other compensation for work they performed for Defendants.

71.     Named Plaintiff never received a paycheck from Defendants.

72.     Upon information and belief, Defendants engaged in a policy and practice of demanding and accepting gratuities and improperly deducting "fees" and miscellaneous improper surcharges from wages received by Named Plaintiff and other members of the putative class action.

73.     Defendants' customers were encouraged to exchange real currency for funny money, called "Dance Dollars." Defendants' customers gave Named Plaintiff and other members of the putative class action these dance dollars as tips for services rendered.

74.     For example, Defendants customers were required to provide tips to employees for private dance sessions. However Defendants retained a significant portion of these tips and failed to distribute all of these tips to employees. The portion or the tips distributed to employees was provided in Dance Dollars.

75.     If customers did not give Named Plaintiff Dance Dollars or cash, they would not be paid at all for the work they performed for Defendants.

76.     Upon information and belief, Defendants' customers reasonably believed that 100% of the proceeds of all real currency, exchanged for private dances and otherwise exchanged for dance dollars given to entertainment employees, would be kept by entertainment employees.

77.     Upon information and belief, Defendants charged, and personally retained, a fee of approximately 10% on all Dance Dollars entertainment employees received after converting the Dance Dollars back to real currency.

78.     Upon information and belief, Defendants improperly deducted "fees," and other miscellaneous improper surcharges consisting of fees including, but not limited to, (1) house fees collected from entertainers prior to each shift, (2) house mom fees, (3) hair and makeup fees collected from entertainers prior to each shift, (4) DJ fees collected from entertainers prior to each shift, (5) gate fees for clocking in and out, (6) tip out to bussers; and (7) Named Plaintiff was required to purchase her own uniforms (i.e. approximately 10 outfits which cost approximately $100 each, a pair of heels which cost approximately $120 and another outfit purchased from Defendants for $50).

79.     Specifically, for each shift worked, Defendants charged entertainers including Named Plaintiff a progressive house fee (i.e. $50 before 11 p.m. which increased throughout the shift), $20 for house mom fees, approximately $28 for hair and makeup fees, $20 for DJ fees, a $20 tip out fee to be distributed to bussers, and approximately $7 for a gate fee to the employee who clocked entertainers in and out for each shift. The house fee was only instituted as of January 1, 2017, but the other fees were charged, upon information and belief, since in or around September 2016.

80.     Defendants also required Named Plaintiff and other entertainers to hand out flyers outside of Madison Square Garden at the beginning of their shifts on days when a sports game or other event was occurring in order to promote Hoops Cabaret and Sports Bar. Named Plaintiff generally handed out flyers at most one (1) or two (2) days per week and was not charged a "house fee" in exchange.

81.     Named Plaintiff and others similarly situated were required to pay the above referenced fees each night that they worked for Defendants.

82.     Upon information and belief, Named Plaintiff understood that she would not be permitted to work if she did not pay the fees.

83.     Upon information and belief, Defendants do not directly pay entertainers. Rather, entertainers are entirely dependent upon customers to earn money.

84.     Upon information and belief, customers pay entertainers directly.

85.     Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets or payroll records.

86.     At all relevant times, upon information and belief, and during the course of Named Plaintiff's employment, the Defendants failed to provide their employees, including Named Plaintiff and putative collective class and class members, adequate wage statements and wage notices in violation of New York Labor Law.

87.     Named Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### Count I
### Violation of the Fair Labor Standards Act

88.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

89.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29, U.S.C. §§ 206(a) and 207(a).  Further, Named Plaintiff and

similarly situated employees are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

90.     At all relevant times, Defendants employed Named Plaintiff and similarly situated employees within the meaning of the FLSA.

91.     Upon information and belief, at all relevant times, Defendants has had gross revenues in excess of $500,000.

92.     Named Plaintiff and other similarly situated employees worked hours for which they were not paid the statutory minimum wage rate as follows pursuant to 29 U.S.C. § 206: except as otherwise provided in this section, not less than— (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) $7.25 an hour, beginning 24 months after that 60th day."

93.     Defendants are not entitled to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §201, *et. seq*.

94.     Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. §§ 203(d) and 206(a).

95.     Named Plaintiff and other members of the putative collective action are employees, within the meaning contemplated, pursuant to 29 U.S.C. §§203(e), (m) and 206(a).

96.     Named Plaintiff and members of the putative collective action, during all relevant times, were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

97.     29 U.S.C. §213 exempts certain categories of employees from minimum wage obligations. None of these exemptions apply to Named Plaintiff or other similarly situated entertainers.

98.     Upon information and belief, Defendants violated the FLSA by failing to pay Named Plaintiff and other members of the putative collective action minimum wages for hours worked in any given week.

99.     Defendants' failure to pay Named Plaintiff and other members of the putative collective action their rightfully owed wages was willful.

100.    The Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

101.    Records, if any, concerning the number of hours worked by Named Plaintiff and the actual compensation paid to Named Plaintiff in the possession and custody of the Defendants are believed to be false.

102.    Defendants failed to properly disclose or apprise Named Plaintiff of her rights under the FLSA.

103.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Named Plaintiff is entitled to liquidated damages pursuant to the FLSA.

104.    By the foregoing reasons, Defendants are liable to Named Plaintiff and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**Count II**
**FLSA – Uniform Expenses**

105.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

106.    Named Plaintiff and the putative collective members were paid less than the minimum wage.

107.    Defendants required Named Plaintiff and putative collective members to wear uniforms consisting of designated attire. The uniforms Defendants required Named Plaintiff and putative collective members to wear could not be worn as part of their ordinary wardrobe. Defendants required Named Plaintiff and the putative class to wear specific distinctive styles, colors, and quality of clothing.

108.    Named Plaintiff and the putative collective members incurred costs purchasing and laundering the uniforms for the benefit and convenience of Defendants.

109.    Defendants maintained a policy and pattern or practice of failing to reimburse Plaintiff and the putative collective members for the purchase and/or laundering of their required uniforms.

**Count III**
**Violation of New York Labor Law**

110.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

111.    Pursuant to New York Labor Law Article 19 § 652, "Every employer shall pay to each of its employees for each hour worked a wage of not less than … $5.15 on and after March 31, 2000, $6.00 on and after January 1, 2005, $6.75 on and after January 1, 2006, $7.15 on and after January 1, 2007; $8.00 on and after December 31, 2013; $8.75 on and after December 31, 2014; $9.00 on and after December 31, 2015 and $11.00 on and after December 31, 2016 (for large employers in New York City), or, if greater, such other wage as may be established by federal law pursuant to 29 U.S.C. section 206 or its successors or such other wage as may be established in accordance with the provisions of this article."

112.    Defendants are not entitled to avail themselves of the New York State tipped minimum wage rate under the New York Labor Law and supporting regulations.

113.    Defendants are employers, within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor Regulations.

114.    Named Plaintiff and other members of the putative class action are employees, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

115.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Named Plaintiff and members of the putative class.

116.    Upon information and belief, Defendants violated New York Labor Law Article 19 § 650, *et. seq.* and the supporting New York State Department of Labor Regulations by failing to pay Named Plaintiff and other members of the putative class action minimum wages for hours worked in any given week.

117.    Upon information and belief, Defendants' failure to pay Named Plaintiff and other members of the putative class action their lawfully owed wages was willful.

118.    New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

119.    By the foregoing reasons, Defendants have violated New York Labor Law Article 19 § 650 *et seq*. and the supporting regulations, and are liable to Named Plaintiff and other

members of the putative class action in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## Count IV
## NYLL – Unlawful "Kick-Back" of Wages Law

120.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

121.    Pursuant to New York Labor Law Article 6 § 198-b, Defendants are prohibited from requesting, demanding, or receiving, either before or after an employee is engaged to work, a return, donation, or contribution of any part or all of the employee's wages, salary, supplements, or other thing of value, upon the statement, representation or understanding that failure to comply with such request or demand will prevent such employee from procuring or retaining employment.

122.    Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190, *et seq*.

123.    Named Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190 *et seq*.

124.    In violation of NYLL § 198-b, Defendants maintained a policy and practice of unlawfully requesting, demanding, or receiving, a return, donation or contribution of a part of the wages, supplements, or other things of value, earned by Named Plaintiff and members of the putative class, upon the statement, representation, or understanding that failure to comply with such request or demand would prevent Named Plaintiff and members of the putative class from procuring or retaining employment.

125.    Named Plaintiff and others similarly situated were required to pay fees including but not limited to "house fees;" "house mom fees," "DJ fees;" "hair and makeup fees;" tip out fees to bussers, and "gate fees."

126.    Defendants' violation of NYLL § 198-b was willful.

127.    By the foregoing reasons, Defendants have violated New York Labor Law § 198-b and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**Count V**
**FLSA – Record Keeping Violations**

128.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

129.    In violation of the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations, Defendants failed to make, keep, and preserve accurate records with respect to Named Plaintiff and members of the putative collective, including hours worked each workday and total hours worked each workweek.

130.    Additionally, in violation of the FLSA, 29 U.S.C. §§ 203(m) and 211, and supporting federal regulations, including but not limited to 29 C.F.R. § 516.4, Defendants failed to post and keep posted in a conspicuous place in their establishment a notice explaining the FLSA, as prescribed by the Wage and Hour Division of the U.S. Department of Labor.

**Count VI**
**New York Unlawful Retention of Gratuities Law**

131.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

132.    Pursuant to New York Labor Law Article 6 § 196-d, "No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

133.    Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3).

134.    Named Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2).

135.    Defendants unlawfully withheld, and personally retained, portions of gratuities provided to Plaintiffs and other members of the putative class action.

136.    Defendants retained a percentage of the Dance Dollars paid to Plaintiff.

137.    Defendants unlawfully required Named Plaintiff to pay fees and "tip outs" including but not limited to "house fees;" "house mom fees," "DJ fees;" "hair and makeup fees," tip out fees to bussers, and "gate fees."

138.    Defendants therefore violated New York Labor Law § 196-d by withholding, and personally retaining, portions of gratuities of Named Plaintiff and other members of the putative class.

139.    Upon information and belief, Defendants' violation of New York Labor Law § 196-d and supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 NYCRR § 137-2.5 was willful.

140.    By the foregoing reasons, Defendants have violated New York Labor Law § 196-d and are liable to Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## Count VII
## New York Unlawful Deductions Law

141.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

142.    Pursuant to New York Labor Law Article 6 § 193. "No employer shall make any deduction from the wages of an employee, except deductions which … are expressly authorized in writing by the employee and are for the benefit of the employee; provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee."

143.    Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3).

144.    Named Plaintiff and other members of the putative class action are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2).

145.    Defendants unlawfully made deductions from wages earned by the Named Plaintiff and other members of the putative class action for surcharges and fees *including but not limited to* "house fees;" "house mom fees," "DJ fees;" "hair and makeup fees;" "gate fees;" tip out fees to bussers, "promotion fees;" "late fees;" and Defendants required Named Plaintiff to purchase her own uniform.

146.    The aforementioned unlawful deductions, and any other deductions from wages earned by Named Plaintiff and other members of the putative class action, are not similar to payments for insurance premiums, pension or health and welfare benefits, contributions to

charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization.

147.    Defendants therefore violated New York Labor Law § 193 by making improper deductions from the wages of the Named Plaintiff and other members of the putative class action.

148.    Upon information and belief, Defendants' violation of New York Labor Law § 193 was willful.

149.    By the foregoing reasons, Defendants have violated New York Labor Law § 193 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**Count VIII**
**New York Labor Law – Uniform Expenses**

150.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

151.    Defendants required Named Plaintiff and putative class members to wear uniforms consisting of designated attire. The uniforms Defendants required could not be worn as part of Plaintiff's and members of the putative class's ordinary wardrobe. Defendants required Named Plaintiff and the putative class to wear specific distinctive styles, colors, and quality of clothing.

152.    Defendants required Named Plaintiff and members of the putative class to purchase their own uniforms. In violation of the NYLL and its supporting regulations, including NYCRR § 137-1.8, Defendants did not reimburse Named Plaintiff or putative class members for these costs.

153.     Defendants did not reimburse Named Plaintiff or putative class members for any uniform-related expenses.

154.     As a result of Defendants' failure to reimburse Named Plaintiff or putative class members for their uniform-related expenses, Named Plaintiff and putative class members were paid at a rate below the minimum wage.

**Count IX**
**New York Labor Law – Recordkeeping Violations**

155.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

156.     In violation of NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including 12 NYCRR § 142-2.6(a)(4), Defendants failed to make, keep, and preserve accurate records regarding the hours worked each workday and total hours worked each workweek by Named Plaintiff and putative class members.

157.     In violation of the NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including but not limited to 12 NYCRR § 142-2.8, Defendants failed to post a notice issued by the New York Department of Labor explaining the NYLL minimum wage provisions in a conspicuous place in their establishment.

158.     Additionally, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR § 137-2.3, Defendants failed to post a notice issued by the New York State Department of Labor summarizing the NYLL tipped minimum wage provision in a conspicuous place in their establishment.

159.     Furthermore, in violation of the NYLL and supporting New York State Department of Labor Regulations, including but not limited to 12 NYCRR § 137-2.2, Defendants failed to furnish a statement listing hours worked, rates paid, gross wages, and the tip allowance

claimed as part of their minimum hourly wage with every payment of wages to Named Plaintiff and putative class members.

## Count X
### New York § 195(3) Wage Statement Violation

160.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

161.    Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

162.    Pursuant to NYLL § 198 (1-d), an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

163.    Named Plaintiff and members of the putative class did not receive any wage statements from Defendants during their employment.

164.    Defendants violated NYLL § 195(3) by failing to provide Plaintiffs or members of the putative class with wage statements containing the information required by NYLL § 195(3).

165.    Upon information and belief, the failure of Defendants to provide Named Plaintiff and putative class members with wage statements in violation of NYLL § 195 was willful and repeated. As a result of Defendants' unlawful acts, Named Plaintiff and putative class members

have been deprived of the appropriate wage statements, and Defendants are liable to Named Plaintiff and putative class members in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**Count XI**
**New York § 195(1) Wage Notice Violation**

166.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

167.     Pursuant to Section 195(1) of the New York Labor Law, an employer is required to "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances, the regular pay day designated by the employer …; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary."

168.     Pursuant to NYLL § 198 (1-b), an employee that does not receive a wage statement within ten (10) business days of his or her first day of employment, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

169.     Named Plaintiff and members of the putative class did not receive any wage notices from Defendants at the time they were hired or at any time during their employment.

170.    Defendants violated NYLL § 195(1) by failing to provide Named Plaintiff or members of the putative class with wage notices containing the information required by NYLL § 195(1).

171.    Upon information and belief, the failure of Defendants to provide Named Plaintiff and putative class members with wage notices in violation of NYLL § 195 was willful and repeated. As a result of Defendants' unlawful acts, Named Plaintiff and putative class members have been deprived of the appropriate wage notices, and Defendants are liable to Named Plaintiff and putative class members in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**Count XII**
**Declaratory Judgment that Entertainers are Employees**

172.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

173.    Defendants exercised a significant amount of control over the Named Plaintiff and all other similarly situated entertainers.

174.    Named Plaintiff and all other similarly situated entertainers and Defendants did not share equally in the opportunities for profit and loss, and the risk of loss is much greater for Defendants.

175.    Named Plaintiff and all others similarly situated seek declaratory relief with respect to the legal relations of the parties arising from this controversy and their respective rights and responsibilities under the FLSA, to wit: Named Plaintiff and all others similarly situated are or were the employees of Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, Melanie Lopez, on behalf of herself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that (1) Named Plaintiff and all others similarly situated were Defendants' employees; and (2) the practices complained of herein are unlawful under the FLSA and NYLL as to Named Plaintiff and the FLSA and Rule 23 class members;

b) An award of unpaid wages and damages for any fees, uniform costs, improper deductions/kickbacks or credits taken against wages due under the FLSA and NYLL to Named Plaintiff and the FLSA and Rule 23 class members;

c) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wage and/or overtime compensation pursuant to 29 U.S.C. § 216;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to the NYLL;

e) An award of pre-judgment and post-judgment interest;

f) On Named Plaintiff's ninth, tenth and eleventh causes of action, a judgment in an amount to be determined at trial, attorneys' fees, and costs, pursuant to the cited NYLL sections;

g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

h) Such other and further relief as this Arbitrator determines to be just and proper.

Dated: Lake Success, New York
      June 2, 2017

                              Respectfully submitted,

                              /s/ Robert F. Milman, Esq.
                              Robert F. Milman, Esq.

Matthew A. Brown, Esq.
MILMAN LABUDA LAW GROUP, PLLC
Attorneys for Plaintiff
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042
(516) 328-8899
rob@mmmlaborlaw.com
matt@mmmlaborlaw.com